### John Collier v. C. L. Betterton.

#### No. 521.

1. **Building Contract—Stipulated Damages—Fact Case.**
    A contract for building a house required that it be completed by October 1, 1889. In case of failure to complete it by the day specified the contractor was to pay the owner, as liquidated damages, $10 for every day its completion should be delayed. On November 12th the owner by consent occupied two rooms of the building, which was not *completed* until January 14, 1890. Suit on the contract for balance due. The defendant pleaded the stipulated damages and the delay. On the trial there was no testimony to

the amount of damages other than the contract. The trial judge charged, that defendant be allowed damages upon his counter-claim at the rate of $10 per day from October 1 to November 12, 1889. The jury under the instruction found for defendant $420 to be offset; balance for the plaintiff. *Held*, that whether the stipulation be considered as liquidating the damages or as a penalty, the defendant has no grounds of complaint of the charge. The charge properly limited the damages to the date of the entry, and there was no proof of actual damages...........................441, 443

**2. Stipulated Damages.**

Although a sum be named as "liquidated damages," the courts will not so treat it unless it bear such proportion to the actual damages that it may reasonably be presumed to have been arrived at upon a fair estimation by the parties of the compensation to be paid for the prospective loss. If the supposed stipulation greatly exceed the actual loss—if there be no approximation between them, and this be made to appear by the evidence—then and then only should the actual damages be the measure of the recovery. The record here does not give a basis for estimating actual damages....... 442

APPLICATION for writ of error to Court of Civil Appeals for Fifth District, in an appeal from Dallas County.

*Charles L. Edwards*, for application.

GAINES, CHIEF JUSTICE.—We are of the opinion that the application in this case points out no error for which the judgment should be reversed. There is, however, one matter which was passed upon by the Court of Civil Appeals upon which we think it proper to make some remarks.

The suit was brought to recover a balance alleged to be due upon a contract for building a house, in which it was stipulated that the building should be completed by the 1st day of October, 1889, and that in case the contractor should fail to complete it by the day specified he should pay to Collier, the owner, as liquidated damages, $10 per day for every day that its completion should be delayed. The building was not completed until the 14th day of January, 1890. However, by the permission of the contractor, Collier moved into the building on the 12th day of November, 1889, and continuously occupied two rooms until the work was finished. The defendant in his answer prayed damages for delay in the completion of the house, as a counter-claim; but so far as we can see from the application and the conclusions of the Court of Civil Appeals, relied upon the stipulation in the contract as fixing the amount. The trial judge charged the jury, in effect, to allow the defendant damages upon his counter-claim at the rate of $10 per day from October 1, 1889, the time when the building should have been completed under the contract, until November 12th, in the same year—the time at which he entered and occupied a part of the house. Pursuant to this instruction the jury found for defendant $420, to be

offset against the balance otherwise due upon the contract price; and gave a verdict for the plaintiff for the difference. The Court of Civil Appeals in passing upon the question of the correctness of the ruling of the trial court in this particular, in their opinion say: "We do not think the action of the trial court upon this issue can be complained of by the appellant. We think the stipulation in the contract for $10 per day as liquidated damages for each day of delay in the completion of the building, should have been construed and treated as a penalty. 3 Sedg. on Dam., p. 206; Durst v. Swift, 11 Texas, 281; Moore v. Anderson, 30 Texas, 225. Under such a construction there was not proof of damages to the extent of the recovery, and the appellant suffered no injury from the charge as given."

It is to be conceded, that although the parties to a contract have named a specified sum of money as liquidated damages for its breach, the courts may in certain cases treat the provision as a penalty and restrict the recovery to the actual damages which have accrued. But it seems to us that the authorities lay down no satisfactory rule by which in every case it is to be determined when a provision of that character is to be construed as fixing the damages and when as merely naming a penal sum. If the damages be in their very nature uncertain or their amount indeterminate, the sum specified will be treated as fixing by stipulation the amount of the recovery. But the difficulty arises in cases in which the damages are reasonably susceptible of ascertainment. There, as we think, the authorities leave us at sea, without any accurate chart to direct our course.

It would seem, that if the expressed intention of the parties to a contract should govern, in every case where they say that a certain sum shall be paid as liquidated damages in case of its breach, it should be construed as fixing the amount of a recovery; and yet, as we have said, notwithstanding such a provision, in certain cases the damages may be limited to a just compensation for the loss which has been suffered. Therefore the principle would appear to be, that although a sum be named as "liquidated damages," the courts will not so treat it, unless it bear such proportion to the actual damages that it may reasonably be presumed to have been arrived at upon a fair estimation by the parties of the compensation to be paid for the prospective loss. If the supposed stipulation greatly exceed the actual loss—if there be no approximation between them, and this be made to appear by the evidence—then it seems to us, and then only, should the actual damages be the measure of the recovery.

In this case as presented to us there is no evidence by which the actual damage resulting from the failure to complete the building at the time stipulated can be ascertained. Ten dollars per day is apparently a very large sum to pay for the rent of a house which cost $5670 to construct; but we do not know the value of the lot. Nor is

it clear, that even if the evidence disclosed the entire value of the property, we would be justified in assuming even approximately, its rental value.

Such being the state of the case, we are not prepared to concur in the ruling of the Court of Civil Appeals upon the point just discussed.

But we are of opinion, that should the provision in question be treated as liquidating the damages, the trial judge was correct in holding that it applied only from the time the building ought to have been completed until the defendant occupied it. After that date it is clear that the party was only entitled to his actual damages. Farrar v. Beeman, 63 Texas, 175. The statement of facts has not been certified with the application, and the statement and conclusion of the Court of Civil Appeals fail to show that there was any proof of actual damage either before or after the defendant moved into the house. We therefore conclude that the defendant was not prejudiced by the action of the court in limiting his damages to the time at which he occupied the building at the rate stipulated in the contract.

The writ of error is refused.

*Application refused.*

Delivered January 24, 1895.