FORD MOTOR CO. v. CRANFORD AUTO CO. (No. 869.)

(Court of Civil Appeals of Texas. El Paso. Oct. 17, 1918.)

1. FACTORS ⏀➡44—COMPENSATION.

Sales agent, appointed factor by its principal for a limited time, and simply empowered to sell such automobiles as might be consigned to it by its principal during life of the contract, earned no commission on sale of machines ordered from its principal only two days before the contract expired, so that they could not arrive in time to sell before expiration of the contract.

2. DAMAGES ⏀➡80(1)—PENALTY.

$250 as liquidated damages for breach of automobile selling agent's contract by the sale of one Ford car out of his territory is so out of the proportion to any possible actual damages which could be suffered from such a breach as to stamp it at once as a penalty, not to be enforced by the courts.

Appeal from District Court, Pecos County; James Cornell, Judge.

Action by the Cranford Auto Company against the Ford Motor Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Earl M. Seel, of Austin, Williams & Jackson, of Ft. Stockton, and J. D. Martin, of San Antonio, for appellant. W. A. Hadden, of Ft. Stockton, for appellee.

## Opinion.

HARPER, C. J. Appellee sued the Ford Motor Company, appellant, to recover damages in the way of commissions for the non-delivery of 12 model "T" Ford touring automobiles and 4 model "T" touring roadsters in the sum of $857. Defendant urges the defense that by a written contract plaintiff became its sublimited agents for the sale of Ford cars, at a stipulated commission, within a designated territory, for a definite time, to wit, ending July 31, 1916; that the orders for cars relied upon by plaintiff were sent in on the 29th of July, which was too late to be filled prior to the termination of the contract of agency, therefore it was not bound to fill the order; and by way of cross-action alleged a breach of the contract by plaintiff, in that they sold two cars to persons living outside of their designated district, for which the contract provided that they should forfeit $250 each as liqui-

dated damages. To the latter appellees answer that no breach occurred, but, if it did, then it has been settled. Tried before the court without jury, and judgment entered for plaintiff for $428.50, and that defendant recover nothing upon its cross-action. From which judgment this appeal.

The first error assigned is that the order for cars sent on July 29, 1916, was too late for delivery of the cars during the life of the contract, which ended July 31, 1916, and because the defendant had, by certain provisions of the contract, the right to cancel any order without incurring damages.

## Findings of Fact.

The Ford Motor Company, by written agreement, appointed the Tri-State Motor Company of El Paso, Tex., its agent for the sale of its automobiles and accessories for a certain designated territory, with power to arrange for sales of said articles through sublimited agents.

On August 6, 1915, another written agreement was executed which recites:

"This agreement * * * between the Ford Motor Company, * * * party of the first part, and the Tri-State Motor Company of El Paso, * * * party of the second part, * * * and Cranford Auto Company of Fort Stockton, Texas, * * * third party, witnesseth: * * * That whereas, the second party is the limited agent of first party within the territory described for the sale of automobiles; * * * and whereas, the third party has applied to be agent in certain of the territory, and first and second parties are willing to appoint said third party with certain limited authority and upon the following terms and conditions only: Now, therefore, this witnesseth:

"1. That second party designates and the first party confirms the third party as sublimited agent * * * for the purpose of negotiating sales of first party's product to users only, in the method and upon the terms and within the territory herein specified. * * *

"That first party will consign its Ford automobiles to third party through second party to be sold to users only, and not for resale upon bills of sale to be executed by first party only. [Then it describes "purchaser" within the designated territory, and then provides that $250 shall be liquidated damages for a breach of the latter provision of the contract. It provides for payment of commissions for making sales after payment by the purchaser.]"

Section 16 provides that "the dealings of the third party with a proposed purchaser shall not constitute a sale nor shall first party be bound to accept such order, but may wholly reject same for any reason," etc.

Section 46 is that the contract shall continue in force until July 31, 1916, but it is agreed that either the first or the third party may cancel or annul without cause.

Section 47 provides that "upon expiration of the contract the first party may take possession of any automobiles as third party may have on hand unsold."

[1] The order for the cars for the sale of which commissions are sought to be recovered by this suit was sent by wire on July 29th, just two days prior to the termination of the contract.

---

⏀➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

From the portions of the contract copied above it is apparent that appellees were appointed factors by the Ford Company for a limited time. As such, under the law and also by the contract, they were simply empowered to make sales of such automobiles as might be consigned to them by their principal during the life of the contract. The title to all machines remained in the Ford Company until it, by bill of sale, transferred it to an actual purchaser for personal use, and not for resale. Ruling Case Law, vol. 11, § 8, p. 757. It is further apparent that since it was impossible for appellees to receive and make sales of the machines ordered on July 29th before their authority to sell would expire, and since there is no evidence of a sale prior to the termination of the contract, it became useless to make the shipment to them, because they would have been without authority to sell had they received them. It follows that since they would have been without authority to sell they could not have earned any commissions.

Appellees urge that since appellant accepted the orders sent and agreed to ship during the life of the contract a subsequent failure to ship created a liability. This principle of law applies to strictly sales contracts, but has no application here; for it is expressly provided that any sale made to a proposed purchaser may be canceled, and, further, that first party may take possession of any automobiles that third party may have on hand unsold at the expiration of the contract. So appellant's act in canceling the shipment is but an exercise of its right to retake the automobiles under this provision of the contract. It must, therefore, be held that, under the pleadings and evidence, there could be no cause of action.

[2] The appellant, by assignments, urges that the trial court should have rendered judgment in its favor for $250 in each of two cases as liquidated damages for sales of automobiles outside of the designated territory. The trial court held that the violation of the contract in this regard was "without any bad faith, without any intention of violating the contract, and without knowing that the parties to whom they sold were nonresidents of their territory, and that, no injury having been suffered, the defendants were not entitled to recover." And we find the facts in evidence justify this finding. It seems apparent that $250 as liquidated damages for the breach of a contract by the sale of one Ford car is so out of proportion to any possible actual damage which could be suffered by reason of a breach as to stamp it at once as a penalty not to be enforced by the courts, and, since we are of the opinion that there were in fact no actual damages as held by the trial court, it was not error to refuse a recov-

ery upon appellant's cross-action. Collier v. Betterton, 87 Tex. 440, 29 S. W. 467.

For the reason that it clearly appears that appellee has no cause of action, the case is reversed and here rendered.