## SOUTHERN PLOW CO. v. DUNLAP HARD-WARE CO.　(No. 8595.)

(Court of Civil Appeals of Texas. Dallas. Jan. 14, 1922.)

**1. Damages ⬦⟹79(1)—Rule as to "liquidated damages" and "penalty" stated.**

The designation of amount to be paid seller by purchaser for breach of sales contract as liquidated damages is not controlling, but, if the damages to result are in their nature uncertain or in amount indeterminate, the amount will be recoverable as stipulated damages, but, if the damages are reasonably susceptible of ascertainment, and amount stipulated greatly exceeds the actual loss sustained, the stated sum will be held to be a penalty, and recovery will be limited to actual damages sustained.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Liquidated Damages; Penalty.]

**2. Damages ⬦⟹163(3)—Defendant buyer claiming stipulated damages required to prove no approximation existed between actual damages and amount stipulated.**

In seller's action against buyer to recover amount stipulated in contract as being payable on buyer's breach of contract, in which buyer claimed the amount stipulated to be a penalty, the buyer to sustain such defense was required to prove that there was no approximation between actual damages sustained and the amount stipulated, unless actual damages could be computed from seller's evidence.

**3. Damages ⬦⟹80(3)—Stipulated amount held penalty in view of actual damages sustained.**

Where actual damages sustained by seller on buyer's breach of contract amounted to $429.84, seller could not recover $537.31 as stipulated damages, since the amount of actual damages was not an approximation of stipulated amount.

**4. Damages ⬦⟹157(3)—Actual damages not recoverable under petition seeking stipulated damages.**

Seller, having sued for amount stipulated to be paid on buyer's breach, could not under such petition recover the actual damages.

Appeal from Dallas County Court; W. N. Coombes, Judge.

Suit by the Southern Plow Company against the Dunlap Hardware Company. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 221 S. W. 1020.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellant.

Spence, Haven & Smithdeal, of Dallas, for appellee.

HAMILTON, J. This suit was filed by appellant to recover damages from appellee for breach of a written contract of sale. The basis of recovery is a clause in the contract which expressly provides that, if the buyer fails to perform the contract, he shall pay the seller 20 per cent. of the net amount of the sale "as agreed or liquidated damages." The contract also contains a provision for 8 per cent. interest and 10 per cent. attorney's fees. Appellant sought judgment for $537.31 and also for 8 per cent. of this amount as interest and 10 per cent. of it as attorney's fees. The contract which was made the basis of the right of recovery is as follows:

"This contract made this 24th day of March, 1919, between the Southern Plow Company, of Dallas, Tex., and Dunlap Hardware Company, of Hereford, state of Texas, hereinafter called the undersigned purchaser, witnesseth:

"The Southern Plow Company sells, and the undersigned purchaser purchases, the within list of goods to be shipped on or about June 1, 1919, or as soon thereafter as possible, subject to the warranties and conditions, terms and prices, hereinbefore named and the following agreement.

"Settlement for goods ordered herein is to be made as herein provided, within ten days from date of invoice, either in cash payable in Dallas or New York exchange, or in notes payable to the Southern Plow Company. Such notes shall bear 8 per cent. interest, with exchange on Dallas, and shall include 10 per cent. attorney's fees if placed in the hands of an attorney for collection, and shall become due and payable at Dallas, Dallas county, Tex., if not paid at maturity. All open accounts between the parties hereto now existing and that may hereafter arise shall be payable at Dallas, Tex., and no cash discount will be allowed while the undersigned purchaser owes the Southern Plow Company past-due notes or accounts.

"If the undersigned purchaser cancels this contract or any part of it, or causes shipment to be held beyond the present season, the undersigned purchaser agrees thereupon to pay at Dallas, Tex., to the Southern Plow Company, as agreed and liquidated damages, 20 per cent. of the net amount of the goods so countermanded or caused to be delayed.

"Should the undersigned purchaser become insolvent, make an assignment, remove to another place, execute a deed of trust or a chattel mortgage, default in the payment of any note or open account due the Southern Plow Company, sustain a loss by fire, transfer real estate or personal property in bulk, or close out business, or in case of death of a member of the firm, or in case of failure to make settlement as herein provided, or of failure to accept the goods as covered by this contract, or of failure to carry out the conditions of this agreement, all obligations provided for in this contract, or arising therefrom, shall become due and payable at once, or at any time thereafter, at the option of the Southern Plow Company, and thereupon shall be due and payable at Dallas, Tex., with 8 per cent. interest from date of shipment and 10 per cent. attorney's fees.

"It is especially agreed that the title to, and the ownership of, all goods shipped under this contract shall remain vested in the Southern Plow Company, unless it shall be expressly

waived in writing, and the goods are to be held at all times subject to their order until paid for. If sales are made before payment, they shall be made only in the regular course of business, and the proceeds of all such sales, whether for cash, book accounts, or notes, are to be held as the property of the Southern Plow Company in trust as collateral security, for their benefit and subject to their order, until all obligations provided for in this contract or arising therefrom are fully paid in money, or until payment is made at the prices herein specified, but nothing in this clause shall release the undersigned purchaser from making settlement as herein stipulated. It is further agreed that the notes taken by the Southern Plow Company are not accepted as such a settlement as would constitute a novation or waiver of the provisions of this contract.

"It is understood and agreed that this contract is made subject to the approval of the Southern Plow Company at its Dallas, Tex., office, and it is also understood that the Southern Plow Company is not to recognize or be in any way bound by any agreements or specifications not set forth in this contract, and that this contract contains all agreements of all parties to this transaction.

"All subsequent orders to the Southern Plow Company made by the undersigned purchaser shall be subject to and controlled by the provisions of this contract."

Appellant alleged that on March 24, 1919, it made the above copied written contract with appellee, by which it sold to appellee certain machinery to be shipped to appellee about June 1, 1919; that May 29, 1919, appellee canceled the contract and thereby refused to accept items sold to it at an agreed total price of $2,686.50, which act of appellee, under the terms of the contract, rendered it liable to appellant for $537.31, and also liable for interest at the rate of 8 per cent. from the date of cancellation and 10 per cent. attorney's fees.

Appellee answered by general demurrer and general denial.

The trial was before the court without a jury, resulting in a judgment denying any recovery. There are no findings of facts and conclusions of law in the record. Accordingly, the judgment being general in its nature, we must affirm it if any view of the evidence will support an affirmance.

The sole question presented for our decision is the question of whether or not the stipulation for 20 per cent. "as agreed or liquidated damages" is a provision for liquidated damages or for a penalty. This question is a vexatious and recurring one, discussed in numerous opinions of courts, not only in our own state, but also in all other jurisdictions. Rules of a general nature applicable to it have been enunciated, but such rules are of little aid in determining the particular question as it is here presented.

"It seems to be generally conceded, indeed, that each case must be permitted to stand pretty much on its own peculiarities and particular facts, and that no general rules applicable to all contracts are deducible. The question is one to be determined by the contract, fairly construed. Where the parties have agreed on the amount of damages, ascertained by fair calculations and adjustment, and have expressed this agreement in clear and explicit terms, the amount so fixed will be treated as the true damages and not as a penalty." 17 Corpus Juris, p. 934.

[1] As to whether the provision is for liquidated damages or for a penalty has been said in a broad, general way to depend upon the clear intention of the parties, just as the effect of nearly all of the provisions of an ordinary contract ultimately depend upon the intention expressed. But the express intention of the parties as reflected by such language as used in this contract to provide for damages is not controlling under the authorities in this state. If the damages to result from the breach of the contract by the purchaser in their nature be uncertain, or in their amount be indeterminate, the sum provided for in the contract will be treated as stipulated damages and held to be recoverable in full. On the other hand, if the damages are "reasonably susceptible of ascertainment," and the amount stipulated greatly exceeds the actual loss sustained—that is, if there be no approximation between the amount specified in the contract and the amount of actual damages proved by the evidence—then the sum stated in the contract will be held to be a penalty, and not liquidated damages, and the actual damages sustained in such case will be the measure of the recovery. Collier v. Betterton, 87 Tex. 440, 29 S. W. 467.

In the case of Collier v. Betterton, supra, in speaking of the doctrine which we think must be applied to this case, the court uses the following language:

"If the supposed stipulation greatly exceeded the actual loss—if there be no approximation between them, and this be made to appear by the evidence—then, it seems to us, and then only, should the actual damages be the measure of recovery."

[2] Applying the language above quoted to the case before us, the question here of whether or not the contract is one for liquidated damages or for a penalty is clearly a question of fact to be determined from the terms of the contract itself, in connection with the evidence reflecting the proportion of the actual loss to the sum stipulated. If the record contained no evidence as to the actual damages resulting from the breach of the contract by appellee, then it seems that it would be proper to measure the recovery by the stipulation for "agreed or liquidated damages"; that is to say, had appellant introduced in evidence the written contract and proved its breach by appellee, and no other evidence had been offered, then the recovery would have been determined by the stipulations of the instrument itself. The effect of

the rule above applied as announced in the Betterton Case is to place the burden on the appellee of proving the amount of the actual damages for the purpose of showing that there exists no approximation between the actual damages sustained and the amount stipulated in the contract. Cowart v. Connally & Co., 108 S. W. 973.

However, in this case the testimony given on behalf of appellant has supplied a basis for the computation of the actual damages. From this proof the actual damages may be computed. Accordingly appellee's burden of establishing the disparity between the actual damages and the amount stated in the contract is eliminated.

The witness Harris, in testifying for appellant, stated the cost of making the sale to be 16 per cent. or 17 per cent. of the value of the machinery sold. If the trial court found the cost of the sale to be 16 per cent. of the value of the machinery (and we must presume that he did), then the amount of the actual damage by actual calculation is $429.84. No other item of loss is mentioned in the evidence. There is no proof that the goods were resold. The evidence does not disclose that prices had declined at the time of the cancellation; on the contrary, the evidence is conclusive that the market price of the articles, the purchase of which was canceled by the appellee, was as great at the time appellee breached the contract as at the time the sale was made, and that soon thereafter the price increased.

[3] The market value of such articles does not seem to be difficult of ascertainment at any time. The total amount sued for, exclusive of interest and attorney's fees, is $537.31. Deducting $429.84 (16 per cent. of the whole amount of the sale canceled, which the proof shows to have been the actual loss or damage) from $537.31, the difference is $117.46. Does this difference justify the finding of the trial court? In other words, is $429.84, which we assume the trial court to have found from the evidence to be the actual damages sustained by appellant, an approximation of $537.31, the amount which appellant sought to recover as liquidated damages? "Approximation" is a synonym of "approach," "nearness," "similarity," etc. We do not think that in ordinary calculations and transactions it could ever be said that $429.84 is approximately $537.31. The latter amount is more than 27 per cent. in excess of the former, and we think it should be said that there is no approximation between them. Of course, if the claim for interest and attorney's fees is included in the calculation, the difference between the least amount of actual damages to be found from the evidence and the amount stipulated for in the contract would be greatly increased; but, since it appears from appellant's brief that the claim for interest and attorney's fees is virtually abandoned, we have given no consideration to those items in undertaking to indicate the difference between the actual damages and stipulated damages.

[4] Appellant by its pleadings seeks no relief except whatever it may have under the provisions of the contract itself. The petition as it is framed will support no recovery for the actual damages suffered.

In our opinion the evidence clearly supports the judgment, and accordingly it is affirmed.

Affirmed.