## SCHRAMM v. HOCH. (No. 6736.)

(Court of Civil Appeals of Texas. San Antonio. April 19, 1922. Rehearing Denied May 24, 1922.)

**1. Executors and administrators ⚖⇒7 — Independent executrix can perform contract for sale of land enforceable against testator.**

Where testator in his lifetime made a contract for the sale of land which would be enforceable at the suit of either party, the independent executrix of testator not only had the power to carry out the contract, but it was her duty to do so, and she had power to do everything necessary to effectuate the intent of the testator.

**2. Executors and administrators ⚖⇒7 — Independent executrix can do what testator or probate court may do.**

Under Rev. St. art. 3233, an independent executrix may do what the testator could have done in his lifetime, or what a probate court may do in the course of administration.

**3. Executors and administrators ⚖⇒7 — Independent executrix not restricted by will has large discretion.**

Since there is no statute limiting the authority of an independent executrix, and Rev. St. art. 3233, authorizes her to act as at common law in executing the trust, such executrix is left, except when restrained by the will itself, to her own judgment and discretion in a large sense in executing her trust.

**4. Husband and wife ⚖⇒276(4) — Deed to community property executed by husband and wife, and tendered by wife as widow and independent executrix, is good.**

Where an owner of land presumed to be community estate had contracted to sell it, and he and his wife had executed a deed conveying the land to the purchaser, to be delivered on approval of the abstract by the purchaser's attorney, pending which the vendor died, the subsequent delivery of the deed by the widow of the vendor in her capacity both as widow and as independent executrix was a good tender.

**5. Damages ⚖⇒83 — Where damages stipulated, submitting amount of actual damage to jury held proper.**

Where a suit for $5,000 liquidated damages for buyer's breach of a contract for the sale of 346 acres was tried on special issues, submitting to the jury the question of the amount of damages caused by the breach, to which the jury answered $15 per acre, *held* not error.

**6. Vendor and purchaser ⚖⇒144(2) — Contract held to give time necessary for independent executrix to convey good title.**

Where a contract for the sale of land gave the vendor a reasonable time to cure defects in the title, and the vendor died pending the examination of the title, his independent executrix was entitled to a reasonable time to have the will probated, if that was necessary, or to procure whatever other orders might be necessary, to enable her to give a good title, and the purchaser could not refuse to accept the conveyance because of such delay.

**7. Vendor and purchaser ⚖⇒323 — Vendor need not tender performance after purchaser's refusal to perform.**

Where the purchaser declined to close the trade with the independent executrix of the vendor after the latter's death, it was not necessary for the executrix to make any tender of performance either before or after her qualification to entitle her to recover damages for the breach of the contract.

**8. Executors and administrators ⚖⇒7 — Erroneous construction of power by attorneys for both parties does not affect right of independent executrix to convey.**

The fact that the attorneys for the purchaser advised him that the independent executrix of vendor could not convey good title by delivering a deed executed by vendor before his death, and that the attorneys for the independent executrix apparently concurred in that opinion, does not defeat the right of the executrix to recover damages for the purchaser's breach if in fact she could have conveyed a good title.

Appeal from District court, Williamson County; Ireland Graves, Judge.

Suit by Anna Hoch, as executrix, against Peter Schramm, to recover damages growing out of the breach of a written contract between defendant and plaintiff's testator for the sale of land. Judgment for plaintiff, and defendant appeals. Affirmed.

W. A. Barlow, of Austin, for appellant.

Critz & Lawhon, of Taylor, and Wilcox & Graves, of Georgetown, for appellee.

COBBS, J. Appellee sued appellant to recover the sum of $5,000 alleged to be liquidated damages growing out of the breach of the alleged written contract between appellant and Henry Hoch, Sr., for the sale of land.

The written contract was dated the 16th day of February, 1920, wherein Henry Hoch, Sr., now deceased, bound himself to convey to appellant 346 acres of land in Williamson county, Tex. The consideration was $100 per acre according to a survey to be made, and payable $10,000 on delivery of the deed and the assumption of a note for $5,000, payable to H. F. Holt, and balance to be represented by 19 notes, the first 18 to be for $1,000 each, and last to be for the balance, to be ascertained. The deed was to contain covenants of general warranty, to be executed by said Henry Hoch, Sr., and his wife, who were to furnish appellant with a complete abstract showing good marketable title, and appellant was to have the abstract examined by his attorney, and, if any material defects were found therein, said Henry Hoch, Sr., was to be furnished with a copy of said attor-

ney's opinion, and a reasonable length of time given to cure such material defects, or, if Henry Hoch, Sr., "is unable to cure the same, or fails to cure the same, and same are material, then second party shall not be bound to take said land."

The contract provided that $5,000 should be the "liquidated damages accruing to either party should the other party willfully fail or refuse to carry out this contract; but in this connection it is agreed that, should the title to said land prove defective in a material way, and first party (Hoch, Sr.) be unable to cure same within a reasonable length of time, then second party is under no obligations to take said land and would be due no damages."

The case was tried with a jury on special issues, and on the return of their answers thereto a judgment was entered thereon in favor of appellee against appellant for $5,000, with 6 per cent. interest per annum from July 19, 1920.

On February 24th or 25th, 1920, an abstract of title was delivered by Richard Critz, attorney of Henry Hoch, Sr., to W. A. Barlow, attorney for appellant, for examination. Between February 16 and 26, 1920, Henry Hoch, Sr., and his wife executed their deed with covenants of general warranty, purporting to convey the land to appellant, and delivered the same to his said attorney to be delivered to appellant's attorney. Henry Hoch, Sr., died on February 26, 1920, before the abstract had been examined or deed accepted.

W. A. Barlow was the attorney of appellant to examine the abstract and to pass upon the title.

Henry Hoch, Sr., died leaving a surviving wife, several children, and some minor grandchildren. He left a will, which was duly probated, in which he bequeathed a life estate to his wife of all his property, and after his death in fee simple to his children and grandchildren, and provided that his grandchildren were not to receive any interest in his estate until they marry or become of legal age respectively, and, "in the event my beloved wife dies before said grandchildren become of age or marries, then my sons, Fred Hoch and Henry Hoch, are constituted and appointed trustees of said grandchildren's interest in my estate hereby devised, and said· trustees are hereby directed to hold, manage and control said interest of said grandchildren until they respectively marry or become of legal age." Mrs. Anna Hoch was made independent executrix therein without bond, and duly qualified as such, but no power of sale was given her thereunder, express or implied, to sell or dispose of any portion of the estate. This will was duly probated, and Mrs. Hoch qualified as independent executrix thereunder, and her powers as such were only those the law imposes upon her in such cases. The real and important question to determine in

this case is the authority of the executrix to carry out the executory contract made by Henry Hoch, deceased, during his lifetime, with appellant.

It is shown that the abstract of title was furnished promptly in the lifetime of Henry Hoch, and delivered to appellant's attorney, and he followed that up by delivering contemporaneously to his own attorney, who was handling the legal matters for him, the general warranty deed executed by himself and his wife conveying the property to appellant as required by the very terms of the contract. This deed was for delivery to the purchaser when required, and the appellant's attorney so advised in the lifetime of Henry Hoch. Appellant's attorney did not examine the abstract or pass on the title or give any written opinion, but refused to do so. The title was rejected because, as represented by appellant:

"Some few days after the death of Henry Hoch, Sr., Richard Critz, as attorney for Henry Hoch, Sr., during his lifetime, in regard to this matter, and as the attorney of Mrs. Anna Hoch after the death of said Henry Hoch, Sr., took the matter of carrying forward said proposed deal with W. A. Barlow as the attorney for Peter Schramm. There were several conversations between said attorneys relating to said matters, finally resulting in Peter Schramm, acting through his said attorney, refusing to accept the title through Mrs. Anna Hoch, executrix, or of accepting the deed which had been executed by said Henry Hoch, Sr., before his death, upon the grounds that since the death of said Henry Hoch, Sr., a delivery of the deed made before his death would not pass title; that Schramm had made a personal contract with said Henry Hoch, Sr., for a certain character of conveyance, to wit, a general warranty deed from him and his wife; that by the terms of the will the wife, as such executrix, had no authority to sell said lands, even after such will had been probated and she qualified as executrix; that all parties had considered time as of the essence of the contract, and had contemplated that the deal would be closed in a few days, and that the delay which would necessarily be occasioned by waiting till the will could be probated and she qualify, which would be in April, 1920, at least, would make it impossible for said Schramm to handle said lands as he had contemplated when he made the contract with the expectation of getting immediate possession, and stated that he would not agree to accept the title from said Mrs. Anna Hoch as such executrix even after she had so qualified."

[1] The deed so made was rejected, and appellant refused to accept any deed from the independent executrix, and absolutely and unqualifiedly refused to perform the contract. Eliminating any question of furnishing abstract, as appellant refused to have it examined, basing his refusal primarily upon the ground that no valid title, in compliance with the contract, could be made because of the consequent delay that would be required to

take it through the probate court, we revert to the original proposition—that is, to determine first the legal effect of the contract, together with the execution of the deed that was delivered to the seller's attorney and the power of his independent executrix to carry it out. There is no contention that a complete abstract was not furnished showing title in Henry Hoch, deceased, without defect, and it is undisputed that defendant only refused to examine it for the reason that he did not think Mrs. Hoch would have the right to make the deed as independent executrix of the will of Henry Hoch, Sr., deceased. No question then arises as to the materiality of any defects in the title, and none that could not apparently be cured. The contract itself provided that a reasonable time should be given "to cure such material defects if any." It is beyond question that the contract for the purchase and sale of the land would be enforceable at the suit of either party, and such as it was incumbent upon the independent executrix to perform.

[2] An independent executrix in a sense becomes the agent of the testator, and not only has the power to carry out his contracts, but it is made the duty so to do. The independent executrix may execute contracts to convey real estate made by the testator, and in so doing do everything necessary to effectuate such purpose and intent of the testator, and when necessary to carry out executory contracts the most complete power is implied. An independent executrix may do what the testator could have done in his lifetime, or what a probate court may do in the course of administration (Anderson v. Stockdale, 62 Tex. 61; McAllen v. Raphael (Tex. Civ. App.) 96 S. W. 762; Sydnor v. Tex. Sav. & Real Est. Inv. Co., 42 Tex. Civ. App. 138, 94 S. W. 453; Wilcox v. Alexander (Tex. Civ. App.) 32 S. W. 561; Stevenson v. Roberts, 25 Tex. Civ. App. 577, 64 S. W. 233; Roy v. Whitaker, 92 Tex. 346, 48 S. W. 892, 49 S. W. 367), or do what at common law he could have done (article 3233, R. S.).

[3, 4] We cannot sustain, therefore, the appellant's contention that the independent executrix had no authority to make the deed and carry out her testator's contract. In the absence of some statutory power limiting her authority—and there is none—she is left, except when restrained by the will itself, to her own judgment and discretion in a large sense, and may act as at common law in executing the trust. The statute so provides. Article 3233, R. S.; Stevenson v. Roberts, supra. Henry Hoch in his lifetime executed the contract, furnished the abstract of title, and contemporaneously prepared and executed, with his wife, the general warranty deed for the land, just as is called for in the contract, and delivered to his attorney in completion of his part of the contract. There was nothing else for him to do, except to ac-

241 S.W.—69

cept the consideration. The presumption is that the land was the community estate of himself and wife, and that would make the deed good, she having tendered the deed in both capacities. Orr v. O'Brien, 55 Tex. 159; Cope v. Blount, 38 Tex. Civ. App. 516, 91 S. W. 616.

It is not necessary to discuss the question concerning the abstract or time required to examine the same or materiality of any objections or tender of title; the refusal to accept the same is based upon the proposition that the independent executrix did not have the power to execute the deed and carry out the contracts; that it would require too much time to probate the will and get the necessary authority. The contract itself provided for the necessary time in which to perfect any material defects that appellant would point out. In fact, there was nothing especial for her to do. The deed had been properly executed and in the hands of the attorney of deceased for delivery. The act of the independent executrix in delivering the same would, in her capacity of surviving wife of the community, and as independent executrix, be a sufficient compliance with and a specific performance of the contract. If demanded, she could have executed and delivered any additional instrument, ratifying said deed, or made an independent deed in both her individual or representative capacity.

[5] The contract recited the amount fixed as $5,000 for liquidated damages. The court, however, submitted for the jury to ascertain from the facts the amount of damages caused by the breach of the contract, and the jury answered $15 per acre. There was no error in this ruling. Southern Plow Co. v. Dunlap Hardware Co. (Tex. Civ. App.) 236 S. W. 765; Collier v. Betterton, 87 Tex. 440, 29 S. W. 467; Walsh v. M. E. C. S. (Tex. Com. App.) 212 S. W. 930.

[6, 7] In making the contract the parties necessarily contemplated that it might require some time to perfect title and make a good, marketable one, and it was shown that in closing a deal where the abstract contains 225 pages it would require from 45 to 60 days, and, where defects are found, it might require longer. Really no harm resulted in submitting this question to the jury, because of appellant's refusal to accept on the sole ground, mainly, that the independent executrix could not complete the contract for want of power, not that unreasonable delay would be caused by her in so doing. If so, that time had been given in the contract itself. As appellant promptly declined to close the trade with the independent executrix, it was not necessary to make any other tender before or after her qualification. Performance had been unqualifiedly refused.

[8] It is of no consequence here that appellant's attorneys acted in good faith in de-

clining to allow appellant to complete the trade for the reasons given. It may be conceded it was an honest opinion upon the construction of the law in which it seems that appellee's attorneys seemed to concur, but it will not affect the rights of the executrix nor the fact that her counsel may have so acquiesced in the views of the attorneys for appellants. Such cannot bind the independent executrix. It was her duty as such to enforce the contract.

We have carefully examined all the errors assigned and the complaint made at the refusal of the court to give certain requested charges. We do not think the action of the court was harmful, or that the issues were such as to affect the merits of this case. The grounds upon which appellant refused to accept the title present, as stated, the real and true issue, which, when determined, as we have here, against the appellant, disposes of this case.

There are no material errors assigned, and the judgment of the trial court is affirmed.