**DUTTON v. MILLER.** (No. 12050.)

Court of Civil Appeals of Texas. Fort Worth.
Nov. 17, 1928.

Mathis & Caldwell and C. M. McFarland, all of Wichita Falls, for appellant.

B. Y. Cummings, of Wichita Falls, for appellee.

DUNKLIN, J. B. F. Dutton instituted this suit in the form of trespass to try title against W. R. Miller to recover title and possession of a lot situated in the city of Wichita Falls. The defendant filed an answer to the petition, which contained a general denial of the allegations therein, and also a plea of not guilty. He also filed a special answer in connection with his cross-action against the plaintiff. In that pleading he alleged that on the 1st day of June, 1922, he and the plaintiff entered into a written contract, by the terms of which plaintiff bound himself to sell to the defendant the lot in controversy for the sum of $4,600, payable as follows: $200 in cash paid at the time the contract was entered into, and the balance of $4,400 to be paid in monthly installments of $30 each, payable on the first day of each succeeding month; and the interest on the balance of $4,400 also to be paid monthly at the rate of 6 per cent. per annum.

It was further alleged that the defendant also agreed to pay all taxes accruing on the property, and that, in the event of his failure to make said payments, defendant's right to purchase the property should terminate, and in that event all payments theretofore made by him should apply as rental on the property at the rate of $30 per month.

Defendant further alleged that on November 27, 1927, plaintiff declared the contract forfeited, and filed this suit against him, and later ousted him from possession by sequestration proceedings. The pleadings contain the allegations of divers and sundry payments made by him under the contract and of his payment of taxes accruing on the property, and certain improvements made on the building situated thereon, and he sought to recover from the plaintiff for all sums so paid out by him in excess of $1,980, that amount being the aggregate of the installments at the rate of $30 a month for five years and six months, the period of time transpiring between the date of the contract and the date of his eviction from the premises.

Upon a trial of the case before the court

without a jury, judgment was rendered in plaintiff's favor for title and possession of the property, and also in favor of the defendant against the plaintiff on his cross-action for $538.92, taxes paid on the property by the defendant during the period transpiring between June 1, 1922, and January 1, 1928, and for the further sum of $426.57, making a total of $965.49.

The defendant did not upon the trial of the case, and does not here, controvert plaintiff's right to recover title to the property, and this appeal has been prosecuted by the plaintiff from the judgment rendered against him on defendant's cross-action.

The contract of sale in controversy reads as follows:

"This contract of sale entered into by and between B. F. Dutton of Wichita Falls, Texas, party of the first part, and W. R. Miller, of Wichita Falls, Texas, party of the second part, witnesseth:

"Party of the first part hereby contracts to sell, and by these presents does sell and convey unto the said party of the second part the following described property:

"Lot Number 16, (sixteen) in block one (1) of Dutton's Subdivision of McCutcheon's west end Addition to the City of Wichita Falls, Texas, together with all improvements thereon situated. The price to be received by the party of the first part for the property above described shall be $4,600.00. (Forty-six Hundred), paid and to be paid as follows: for value received: $200.00 (Two Hundred Dollars) receipt of which is hereby acknowledged, the remaining $4,400.00 (Forty-four Hundred dol.) to be paid in monthly installments of $30.00 until full amount is paid. The interest to be paid on the full amount unpaid each month at the rate of Six (6%) per cent per annum.

"Party of the second part agrees to purchase and by these presents does purchase the property herein described on the terms above set out. Party of the second part also agrees to pay all taxes as they accrue for the year 1922, and subsequent years. Failure on the part of the second party to meet installments promptly as they become due, together with interest as provided herein, or to pay taxes as they accrue shall render this contract void, and party of the first part may take peaceable possession of the premises. Should party of the second part forfeit his rights herein, by failing to meet installments and interest payments, and taxes as stipulated above; then all payments made shall apply as rental on the property and the title shall revert back to the party of the first part.

"When the full amount of principal and interest is paid on the above described property, party of the first part agrees to furnish a warranted deed with abstract of title to said date of deed on the within described property.

"Witness our hands, this the 1st day of June, 1922. [Signed] B. F. Dutton, Party of the First Part. [Signed] W. R. Miller, Party of the Second Part."

The proof showed that immediately upon the execution of the contract the defendant went into possession of the property, on which there was at the time a dwelling house and other improvements, and he held such possession from June 1, 1922, to January 5, 1928, when he was ousted under a writ of sequestration that had been sued out by the plaintiff.

Defendant's cross-action was based solely upon the terms of the written contract and payments and expenditures made by him during the time he held possession of the property.

■ After alleging the execution of the contract by the parties, defendant alleged that that contract stipulated that, in the event he should forfeit the right to purchase the property by failing to make payment of the installments, interest payments, and taxes, then "All payments made shall apply as rental on said property at the rate of said $30.00 per month. * * * " It will be noted that the contract itself does not support the allegation that payments made by the defendant shall apply as rental "at the rate of $30.00 per month." Its terms are that, in the event of defendant's failure to make the payments of installments, interest, and taxes, "then all payments made shall apply as rental on the property. * * * " There was neither pleading nor proof that that stipulation in the contract was the result of fraud, accident, or mistake, and, in the absence of such showing, and under the facts developed on the trial, the quoted stipulation from the contract should be construed as an agreement, to the effect that, in the event of the termination of the contract by reason of defendant's failure to perform his obligations therein stipulated, all payments thereunder should be taken and held by the plaintiff as liquidated damages for defendant's breach of the contract. Yetter v. Hudson, 57 Tex. 604; Eakin v. Scott, 70 Tex. 442, 7 S. W. 777; Collier v. Betterton, 87 Tex. 440, 29 S. W. 467; 17 Corpus Juris, 948–951.

■ Nor did defendant plead that the payments made by him were in excess of the rental value of the property during the time he was in possession. The issue of the rental value was not tendered in his pleadings, nor did he offer any testimony on that issue. Furthermore, according to the uncontroverted testimony of the plaintiff, the rental value of the property during the period of defendant's possession was in excess of the payments made to him and the taxes accruing on the property during the life of the contract. That testimony seems to have been introduced in rebuttal of that of the defendant, by which the latter attempted to prove that there was a parol agreement, that, in the

event of a termination of the contract by reason of his failure to keep up the payments, then the payments already made to plaintiff and for taxes should apply as rental at the rate of $30 per month, the rental which he had been paying for the property prior to the execution of the contract. However, according to the testimony of defendant, if there was such an understanding, it was in parol, made prior to the execution of the plain and unambiguous written contract, and therefore merged in that instrument, as shown by his testimony as follows:

"This is the only written contract I had with Mr. Dutton concerning this property. I rented the property from him before I took possession of it. I hadn't bought it from him then. This is the only written contract with reference to buying the property. There was a verbal agreement, and it was put in the writing, that if I couldn't make the payments or got behind it was to apply as rent, that's what it says there, shall apply to the rent. The agreement was that all payments shall apply as rental on the property. The only terms and conditions I had with Mr. Dutton with reference to the property are contained in the written contract, and the verbal agreement. We have not had any kind of an agreement, verbal or otherwise, since the written contract was signed. This is the only contract I ever had with him."

Nor did the defendant plead such a parol contract as a supplement to the written contract, or that the latter was ambiguous, and that the parties understood its terms to mean that the contingency of breach by defendant of his obligations therein contained payments theretofore made by him would be applied as rentals at the rate of $30 per month.

But defendant did plead valuable improvements made upon the premises, and introduced testimony in support of that plea, and he testified that he spent $157 painting the house, $44 treating the roof with asbestos, planted shade trees, etc. While he did not specifically ask judgment for improvements made in good faith, yet we believe that, as against a general demurrer, his pleadings were sufficient to present that issue. It will be noted that the terms of the contract do not preclude a recovery for improvements in good faith made upon the property, and we perceive no valid reason why the defendant should not be recompensed for such improvements, provided the same could be done consistently with the rules of equity applicable to that issue under the decisions of our Supreme Court, which are numerous. The record does not show whether or not the item of $426.57 was allowed for improvements. On the contrary, the record seems to indicate that the judgment of the court on the cross-action was predicated upon defendant's contention that the written contract fixed $30 a

month as the amount for which the defendant would be charged as rentals in the event of his breach of contract.

Accordingly, the judgment of the trial court awarding plaintiff title to the property is affirmed, but the judgment in favor of defendant against plaintiff on the cross-action is reversed, and as to such cross-action judgment is here rendered that the defendant take nothing by reason of any of the payments made by him to the plaintiff, or for taxes on the property during the time he held possession thereof. However, the case will be remanded to the trial court for determination of the sole issue as to whether or not the defendant should be allowed a recovery for improvements made upon the property.