CONNELL CONSTRUCTION COMPANY,
Appellant,

v.

PHIL DOR PLAZA CORPORATION,
Appellee.

No. 3469.

Court of Civil Appeals of Texas.

Waco.

April 18, 1957.

Rehearing Denied May 16, 1957.

Pat Reed, Dallas, for appellant.

Morris I. Jaffe, Jay Fichtner, Dallas, for appellee.

HALE, Justice.

This suit grew out of a contract for the construction of a building. The contract was prepared in accordance with the standard form of agreement approved by the Associated General Contractors of America. It provided, among other things, for the supervision of the work by an architect therein specified and for liquidated damages of $25 per day in the event the work should not be completed within 100 days (or by February 25, 1955). During the progress of the work appellant, contractor, furnished certain extra materials and performed certain extra work, and in due time filed a mechanic's lien to secure payment for the extra materials and work. Appellee defaulted in payment for the extra materials and work and, thereupon, appellant sued to recover the same under the contract in the sum of $2,801.14 and, in the alternative, to recover the value of such work and materials upon a quantum meruit. Appellee answered the suit with a general denial, and by way of cross action it sought to recover liquidated damages of $25 per day in the sum of $1,100 on account of appellant's delay of 44 days in the completion of the contract.

The case was tried before the court below without a jury and resulted in judgment of $2,782.12 in favor of appellant and $1,100 in favor of appellee on its cross action. Both parties to the judgment excepted and gave notice of appeal. Appellant duly perfected an appeal from the judgment by filing an appeal bond within the time required by law, but appellee did not file an appeal bond, although in its brief it complains of the action of the trial court in rendering judgment against it.

Appellant says the trial court erred in rendering judgment against it for $1,100 as liquidated damages at the rate of $25 per day because (1) "extra work not originally contemplated in the contract was done, and the trial court should have allowed a reasonable time in addition to the contract time for the completion of the extra work"; (2) "the delay was caused by changes for which the owner was at least mutually responsible, and therefore liquidated damages cannot be enforced"; (3) the provision of the contract for liquidated damages "was waived by the parties by implied agreement when additional and extra work was ordered and completed in addition to the contract work"; and (4) "the building was complete or substantially complete as of March 15, 1955, and such date was only 18 days after the originally scheduled completion date of February 25, 1955."

On the other hand, appellee presents two counter-points in its brief as follows: "The trial court should be affirmed, because Appellant fails to overcome the legal presumption that the judgment is valid when no findings of fact or conclusions of law are made by the trial court"; (2) "The trial court erred in granting judgment for appellant because there was no proof as to the reasonableness of the charges for work, labor and material sued for, and therefore, as a matter of law Appellant failed to prove damages."

No request was made of the trial court for findings of fact and conclusions of law and none were filed. Therefore, we must assume that the court found all issuable facts in support of the judgment. Furthermore, under such circumstances it becomes our duty to affirm the judgment appealed from if that can be done under any reasonable theory supported by the evidence and authorized by law. However, since a complete statement of facts has been brought forward to this Court, we must take cognizance of the material facts shown by the undisputed evidence and the written documents established thereby. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696; Austin v. Cochran, Tex.Com. App., 2 S.W.2d 831; Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609; Upshaw v. Norsworthy, Tex.Civ.App., 267 S.W.2d 566, er. ref. n. r. e.; Shoop v. Shoop, Tex.Civ.App., 114 S.W.2d 373.

The undisputed evidence and judicial admissions in this case show conclusively, we think, that more than 30 separate items of extra materials and labor were furnished and performed by appellant which were not originally contemplated by the parties to the contract and were not specifically covered by the extensive terms thereof. The supervising architect testified without dispute that he authorized these extras and gave to appellant work orders requiring the same, as he was empowered to do under the terms of the contract. He also testified in substance that all the material and work called for in the original contract, as well as the extras which he authorized on behalf of appellee, were furnished and fully performed on or before April 9, 1955; that more than half of the tenants who were to occupy the building when completed had moved into the same on or about March 15, 1955; that a number of the items of extra work and materials were ordered by him from time to time, as the project progressed, at the request of those who were to become tenants in the building and for their convenience and benefit; that all of the extra

materials and work which he ordered on behalf of appellee was furnished and fully performed within a reasonable time after February 25, 1955, that being the completion date set forth in the original contract; and that the president of appellee expressed his satisfaction in all respects with the job until the time he was presented with a bill for the extras.

On April 25, 1955, after the original contract was fully performed by appellant, but before any question had arisen over the payment for any extras, the president of appellee wrote appellant as follows: "It is my pleasure to enclose herewith my check for $13,442.75 as the final payment in the construction of The Phil Dor Plaza Building. Want to say that I am very happy with the constuction of the building, and I know that everyone that had a hand in it, is pleased." Appellee's president also testified in part as follows: "Q. You did make several changes in the interior walls and so forth to comply with the wishes of your tenants, did you not, sir? A. Oh, I suppose so, in the old building, yes, sir. Q. Yes, sir, and in the new building also? A. Yes sir."

The facts involved in the case of Wright v. King, Tex.Civ.App., 17 S.W.2d 98, 101, er. ref., are very similar to the facts involved in the case now before us for review. In that case the court said: "We think, as suggested by appellee, and as held by the court on the former appeal, that under this contract providing for the completion of work within a given number of days, the contractor will be credited for the number of days required to do extra work not contemplated in the original contract, and that he would not be charged with delay in doing such work, even in the absence of the giving of the written notice provided for in paragraph 7 of the contract. It seems to us that the delay there referred to would necessarily apply only to the work then contemplated and contracted to be done, and not extra work ordered by the owner, necessarily requiring more time. Wright v. Meyer, Tex.Civ.App., 25 S.W. [1122] 1123;

Mason v. Rempe, Tex.Civ.App., 41 S.W. 694; Wilkins v. Wilkerson, Tex.Civ.App., 41 S.W. 178." See also: 7 Tex.Jur. p. 585, Sec. 36 and p. 587, Sec. 37.

In our opinion the trial court erred in rendering judgment for appellee on its cross action for $1,100 at the rate of $25 per day as liquidated damages in the performance of the contract, because the record before us shows conclusively that extra work not contemplated or covered in the original contract was performed by appellant, and we think the court should have allowed a reasonable time to appellant, in addition to the time allowed by the original contract, for the completion of the extra work. Wright v. King, supra. Not only did the court fail to allow a reasonable time for the completion of the extra work here involved, there being no direct evidence of what a reasonable time for such purpose would have been, but the court failed to allow any time whatsoever in addition to the completion date as scheduled in the original contract within which the extra work might be completed without penalty by way of liquidated damages. Furthermore, it appears to us as a matter of law that the construction of the building was substantially completed within the meaning of this contract, on or about March 15, 1955, when a majority of the tenants moved into the building and began occupancy of the same. As held in Collier v. Betterton, 87 Tex. 440, 29 S.W. 467, where the owner occupies a building before it is completed, a provision for liquidated damages on account of delay in its completion applies only from the time when the building should have been completed until the date of occupancy.

Appellant objects to a consideration of the second counter-point in the brief of appellee because the latter did not perfect an independent appeal from that part of the judgment which was rendered against it by filing an appeal bond. Although the question thus raised is not entirely free from doubt, we have concluded under the authority of Dallas Electric Sup-

ply Co. v. Branum Co., 143 Tex. 366, 185 S.W.2d 427, that appellee is entitled to have this court consider its complaint against the judgment rendered against it, and this we have done. Inasmuch as the judgment rendered against appellant must be reversed, we think the interests of justice will be best served by remanding the cause in its entirety for further proceedings not inconsistent with the views herein expressed, and therefore no useful purpose would be served by discussing the question as to whether the proof adduced on the trial was sufficient to show the reasonableness of the charges for extra work and material sued for by appellant.

Accordingly, the judgment of the court below is reversed and the cause is remanded in its entirety for another trial, with costs of this appeal to be taxed equally between the parties.