**Holland PAGE et al., Petitioners,**

v.

**TRAVIS–WILLIAMSON COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. I, Respondent.**

No. A–9136.

Supreme Court of Texas.

May 8, 1963.

J. C. Hinsley, Austin, for Travis-Williamson County Water Control.

Bagby & Foshee, Austin, for Holland Page.

Polk Shelton, Cofer & Cofer, Douglass D. Hearne, Austin, for R. Ward Smith.

House, Mercer, House & Brock, San Antonio, for Glove Indemnity Company.

SMITH, Justice.

On December 17, 1955, Petitioner-Respondent, Holland Page, entered into a

contract with Petitioner-Respondent, Travis-Williamson County Water Control and Improvement District No. 1, for the construction of a water system. Thereafter, Page subcontracted all of the digging of ditches, laying of pipe and back-filling to Petitioner-Respondent, R. Ward Smith; Page was to furnish all of the materials. On December 20, 1955, the Water District's engineer issued Page a work order instructing him to begin work on the contract and advising that the agreed working time of 210 working days would be computed from December 30, 1955. Page and Smith proceeded with the construction of the water system.

In the early part of 1957 the work on the project was nearing completion. On May 10, 1957, after making an inspection of the work, the engineer for the Water District furnished Page a list of deficiencies (commonly referred to in the record as a "gig sheet"). Thereafter, additional work was done; and on July 10, 1957, a second and final "gig sheet" was prepared by the Water District's engineer. The two "gig sheets" indicated that they were not to be considered inclusive of all deficiencies and stated that other deficiencies would be made known to Page as they were observed. Certain efforts were made by Page and Smith toward remedying these deficiencies. At this point, a controversy arose between the Water District, Page and Smith as to whether the alleged deficiencies had been corrected and whether or not some of the alleged deficiencies amounted to unreasonable demands.

On July 29, 1957, the engineer for the Water District advised Page that the working days on the contract would expire at midnight on July 31, 1957, and that from that time the liquidated damages provision of the contract would be invoked. The engineer, thereafter, periodically advised Page as to the number of days of liquidated damages which had been assessed during each month.

In March of 1958 all work ceased on the project. The Water District directed Page to proceed; and upon his failure to do so, and upon the failure of the surety on his bond to do so, the Water District advertised for bids to carry the project to final completion. The completion contract was awarded to the Bland Construction Company, and the work was finally accepted by the Water District and their engineer on October 3, 1958.

In March of 1960 Page brought this suit against the Water District for certain amounts alleged to be due for labor and material furnished the Water District by Page. Page's suit was also against Smith and his surety on the subcontract. As against the Water District, Page asserted that the prime contract had been substantially completed; and as against Smith and his surety, it was alleged that the subcontract had not been substantially completed. Smith filed a cross action against the Water District and a counterclaim against Page for damages for certain extra work he had furnished the Water District, and for which he had not been compensated. The Water District counterclaimed against Page and his surety seeking liquidated damages because of Page's alleged failure to substantially complete the work under the contract within 210 working days.

Upon the trial on the merits in response to special issues, the jury found that on July 31, 1957, the work under Page's contract with the Water District had been substantially completed by Smith and Page. The jury further found that the reasonable cost of the work and materials necessary to remedy the deficiencies listed in the two "gig sheets" dated May 10, 1957, and July 10, 1957, was $14,990.00. The trial court rendered judgment upon such verdict for Page against the Water District for $29,629.95, and for Smith against the Water District for $15,854.77, together with interest on such sums from March 15, 1958. The Water District recovered noth-

ing on its counterclaim against Page and his surety for liquidated damages.

The Court of Civil Appeals has held that the *actual cost of completion* ($39,234.07) under the Water District's contract with Bland Construction Company, and not the *reasonable cost of completion* of the work listed on the two "gig sheets" ($14,990.00), is the proper charge to be made against the amount due Page and Smith from the Water District. Therefore, the judgment of the trial court was reformed and affirmed. As against the Water District, Page was given a judgment for $1,608.99, and Smith was awarded a take nothing judgment. Tex.Civ.App., 358 S.W.2d 158.

The application for writs of error of Page, Smith and the Water District have been granted. We will first dispose of the points of error asserted by Page and Smith.

### Measure of Damages

■ After concluding that the evidence amply supported the jury finding that the work done by Page and Smith under the contract had been substantially completed, the Court of Civil Appeals applied Section 42(b) of the contract[1] for the determination of the charge to be made against the amount due Page from the Water District. Page and Smith contend that the Court of Civil Appeals has erred in resorting to Section 42(b), so as to charge the actual cost of completion under the Bland contract ($39,234.07) rather than the reason-able cost of completion of the deficiencies listed in the two "gig sheets" ($14,990.00) against the amount due Page from the Water District since Section 42 applies only in instances of abandonment before the work has been substantially completed. We disagree with this contention.

Section 42 is not limited in its application to instances of abandonment before substantial completion; it is also applicable should Page fail to comply with the orders of the engineer, when such orders are consistent with this contract. In such event, the Water District is authorized to let a new contract for completion of the work, and if the cost of the completion work increases the cost to the Water District, such increase may be charged to Page. Thus, when Page and his surety failed to resume work after being ordered to do so by the engineer, the Water District properly let the Bland contract, and the costs to the Water District under such contract were properly charged against the amount the Water District owed Page. The Court of Civil Appeals committed no error in reducing Page's recovery against the Water District to $1,608.99, and in ordering that Smith take nothing in his cross action against the Water District.

### Adjustment of Accounts

All of the work which was completed by Bland Construction Company related exclusively to the work which was to have

1. "42. ABANDONMENT BY THE CONTRACTOR. In case [Page] should abandon and fail or refuse to resume work within ten (10) days after written notification from the [Water District], or the ENGINEER, *or if [Page] fails to comply with the orders of the ENGINEER, when such orders are consistent with this Contract, or with this Agreement,* * * * then and in that case, the Surety on the Bond shall be notified * * * and directed to complete the work * * *.

"In case the SURETY should fail to commence compliance with the notice for completion hereinbefore provided for, within ten (10) days * * *, then the [Water District] may provide for completion of the work in * * * the following elective manners:

"(a) * * *

"(b) The [Water District] under sealed bids, * * * may let the contract for the completion of the work under substantially the same terms and conditions which are provided in this contract. *In case of any increase in cost to the [Water District] under the new contract, as compared to what would have been the cost under this contract, such increase shall be charged to [Page] * * *.*" [Emphasis added.]

been performed by Smith under his subcontract with Page. For this reason Page asserts that he is entitled to recover from Smith and/or his surety, Globe Indemnity Company, any amount charged against him for the failure to fully complete the work.

The trial court deducted from the amount due Page from the Water District the amount found by the jury to be the reasonable cost of completion of the work listed in the two "gig sheets" ($14,990.00) and allowed a deduction of that same amount from the total amount Page owed Smith. The Water District appealed to the Court of Civil Appeals asserting that the actual cost of completion of the contract ($39,-234.07) was the only proper amount to be deducted from the amount it owed Page. Page and Smith went to the Court of Civil Appeals as appellees only.

In the Court of Civil Appeals Page had a counterpoint urging that the trial court had not erred in deducting the reasonable cost of completion of the deficiencies listed in the two "gig sheets" from the amount the Water District owed him. Page had no counterpoint in the Court of Civil Appeals requesting that court to adjust accounts between him and Smith if it was determined that the actual cost of completion of the work was the proper deduction to be made from the amount the Water District owed Page.

After concluding that the actual cost of completion was the proper deduction to be made from the amount the Water District owed Page, the Court of Civil Appeals refused to adjust accounts between Page and Smith for $39,234.07 since Page had not requested the Court to do so. Page assigned this as error in his motion for rehearing in the Court of Civil Appeals.

■ Thus, we are confronted with the issue of whether Page, having received all relief to which he was entitled in the trial court and as appellee in the Court of Civil Appeals, has waived his right to an adjustment of accounts with Smith by failing to

include under a counterpoint a prayer for such relief in the event the Court should conclude, as it did, that the actual cost of completing the work ($39,234.07) was the proper deduction to be made from the amount the Water District owed Page.

Page made no complaint of the trial court's judgment. It was only after the Court of Civil Appeals charged Page with the cost of the Bland contract, thus reducing his judgment against the Water District by $25,712.77, that Page was compelled, under penalty of waiver, to seek an adjustment of the increased charge between him and Smith. Page properly requested an adjustment of accounts with Smith in his motion for rehearing in the Court of Civil Appeals, and Page should have been allowed to recover from Smith $8,389.30, the amount of overpayments made by him to Smith.

We now address ourselves to the points of error brought to this court by the Water District.

### Liquidated Damages

By the terms of the contract Page agreed to complete or substantially complete the work on the contract within 210 working days. The period of 210 working days began on December 30, 1955. In May of 1957 Page gave the Water District oral notice that his work on the project had been substantially completed. It is undisputed that by May 10, 1957, all of the water lines, pumps, valves, and other equipment had been installed, and that all the lines had been tested as called for by the contract. On May 10, 1957, the Water District took possession of all the lines, filled them with water, and began using them to serve the customers of the Water District.

On July 31, 1957, the 210 working days expired, and from that date the Water District's engineer began to assess liquidated damages. A total of 252 days delinquency at the rate of $100 per day was compiled because of Page's alleged failure to substantially complete the contract. In its

counterclaim against Page and his surety, the Water District alleged that Page was indebted to it in the amount of $25,200.00 as liquidated damages. The trial court refused to award liquidated damages, and the Court of Civil Appeals affirmed that judgment.

It is the Water District's position that since no certificate of completion has been issued by the engineer, and since under the law in Texas where the parties to a building contract agree to submit questions which may arise thereunder to the decision of an engineer, his decision is final and conclusive; unless in making it he is guilty of fraud, misconduct or such gross mistake as would imply bad faith or failure to exercise honest judgment;[2] and since there have been no jury findings that the engineer was guilty of fraud, misconduct, or gross mistake, then the engineer properly began to assess liquidated damages from July 31, 1957. The Water District makes the further contention that the fact that it took possession and was using the lines before the expiration of the 210 working days does not destroy the right to liquidated damages since the contract provides that the Water District may take possession and use part of the work without such possession being deemed an acceptance of the work not properly completed.

■ Page contends that since the Water District occupied and began using the lines for their intended purpose prior to the expiration of 210 working days the courts below have properly denied the Water District liquidated damages. We agree with Page.

In considering the issue raised by the Water District in regard to liquidated damages we need not consider the question of whether the engineer was guilty of fraud, misconduct or such gross mistake as would imply bad faith or failure to exercise an honest judgment in refusing to issue a certificate of completion for the reason that the judgment of the trial court and the Court of Civil Appeals denying such damages may be affirmed upon the ground that where an owner occupies a building before it is completed, a provision for liquidated damages on account of delay in its completion applies only from the time the building should have been completed to the date of occupancy. Collier v. Betterton, 87 Tex. 440, 29 S.W. 467; See also: Connell Construction Company v. Phil Dor Plaza Corp., Tex.Civ.App. (1957), 302 S.W.2d 724, reversed in part on other grounds, 158 Tex. 262, 310 S.W.2d 311. This rule is applicable to a construction contract such as we have in the present case. Where the owner has taken possession and is using the object of the contract for its intended purpose *before the expiration of the number of working days provided for in the contract*, there is no delay for which liquidated damages may be awarded. After the date of occupancy the owner is entitled only to his actual damages. Collier v. Betterton, supra. Liquidated damages were properly denied in this case.

Since we have held that the Court of Civil Appeals properly entered a take nothing judgment against Smith in his cross action against the Water District, the Water District's remaining points of error need not be disposed of for they are conditioned on a contrary holding.

It follows from what has been held above that the judgment of the Court of Civil Appeals wherein the Water District was allowed a recovery of the sum of $39,234.-07 to be deducted from the balance due Page on the contract thus reducing Page's recovery from the Water District to $1,608.-99 is affirmed; the judgment denying the Water District liquidated damages is affirmed; the judgment that Smith take nothing in his cross action against the Water District is affirmed; and the judgment denying an adjustment of accounts as between Page and Smith is reversed, and judgment

2. City of San Antonio v. McKenzie Construction Co., 136 Tex. 315, 150 S.W.2d 989.

is here rendered that Page recover of and from Smith the sum of $8,389.30.

All costs are adjudged against Page and Smith so far as the Water District is concerned, and all costs incurred or paid by Page are adjudged against Smith.

The judgment of the Court of Civil Appeals is affirmed in part and reversed and rendered in part.