J. William SMITH, Appellant,

v.

Harold G. WAITE, Appellee.

No. 4653.

Court of Civil Appeals of Texas.

Waco.

Jan. 11, 1968.

Rehearing Denied Feb. 15, 1968.

syrups and preserves furnished by Smith. Waite was given an exclusive terriotory to operate under Smith's trademark as "Smitty's Pancake House," in Waco, Texas.

The franchise purchase price was $2,000. cash, plus $150. per month, or 2% of the monthly gross, whichever was greater.

The contract provided that in event of breach "Smith may declare all installment payments due and to become due during the period of the franchise immediately due, said total amount to be computed on the basis of fixed minimum monthly payments herein specified and may recover the same from Waite, such recovery to constitute monetary liquidated damages herein."

The contract was dated 17 August, 1961, and provided: "This franchise shall continue for a period of 10 calendar years * * *."

In January, 1964, defendant discontinued operating as "Smitty's Pancake House" under the franchise, and discontinued sending plaintiff monthly payments.

Norman A. Zable, Dallas, for appellant.

David G. Copeland, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from summary judgment that plaintiff take nothing in a suit for breach of contract based on a written franchise agreement.

The record on summary judgment reflects that plaintiff Smith operates "Smitty's Pancake House" in Seattle, Washington, and entered into a franchise agreement with defendant Waite whereby plaintiff granted defendant the right to operate in Waco as "Smitty's Pancake House." Such agreement prescribed the design and fixtures of the operation; provided Waite should use ingredients as specified by Smith's formula; and that Waite should use Smith's Menu format, and sell certain

Plaintiff filed suit against defendant, alleging breach of the franchise agreement and prayed for liquidated damages in the amount of $12,150. ($150. per month for the time the franchise had to run); attorneys' fees; and $734.26 alleged to be unpaid royalty payments as of the time defendant ceased operation under the franchise.

Defendant answered, pleading among other things, that the contract sued on was in violation of the anti-trust laws and anti-monopoly laws of Texas and the United States.

Both plaintiff and defendant moved for summary judgment. The trial court overruled plaintiff's motion for summary judgment, and granted defendant's motion for summary judgment that plaintiff take nothing. Such judgment concluded that the contract's provisions for acceleration of monthly payments was a "penalty pro-

vision, unreasonable and in violation of the principles of just compensation, and that same should not be enforced by this court;" and further concluded the contract violative of the anti-trust laws of the State of Texas, and therefore unenforceable.

Plaintiff appeals on 4 points, contending:

1) The trial court erred in finding the damages provision of the contract a penalty, as there was no pleading to support such a finding.

2) The trial court erred in finding the contract violative of the anti-trust laws of the State of Texas, as the contract must be interpreted under federal law.

3) The trial court erred in overruling plaintiff's motion for summary judgment because defendant breached the contract.

4) Alternatively, the trial court erred in denying plaintiff damages of $734.-26.

 Plaintiff's 1st contention is that the trial court erred in finding the damages provision of the contract a penalty because such was an affirmative defense, and defendant waived his right to such defense by not pleading same. Rule 94, Texas Rules of Civil Procedure requires a defendant to plead any matter constituting an avoidance or affirmative defense. Defendant did not plead that the provision constituted a penalty and was unenforceable. We think the trial court was therefore not authorized to find that such provision constituted a penalty.

Plaintiff's 2nd contention is that the trial court erred in finding the contract violative of the Texas Anti-Trust Laws.

The franchise agreement does not violate the Texas Anti-Trust Laws. The owner of a patent, copyright or trademark may franchise out by contract the right to use such patent, copyright or trade-

mark. Coca Cola Co. v. State, 225 S.W. 791, Tex.Civ.App. (nwh); Shaddock v. Grapette Co., 259 S.W.2d 231 Tex.Civ.App. (nwh).

The trial court erred in granting summary judgment for defendant, for which reason we must reverse.

Plaintiff further complains in his 3rd and 4th contentions that the trial court erred in not granting his motion for summary judgment, and alternatively that the case should be remanded to determine plaintiff's actual damages. We overrule contention 3, and conclude that the ends of justice will be better served if the judgment is reversed and the cause is generally remanded. Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688.

Reversed and remanded.