The STATE of Texas, Petitioner,

v.

ALPHA OIL AND GAS, INC., et al., Respondents.

No. C–6915.

Supreme Court of Texas.

March 16, 1988.

Rehearing Denied April 20, 1988.

Jim Mattox, Atty. Gen., Joe Foy, Jr., Asst. Atty. Gen., Austin, for petitioner.

Robert L. Lipstet, Constance G. Decker, Lipstet, Singer, Hirsch & Wagner, Houston, Larry R. Boyd, Christopher G. Gallavan, Wesner, Coke, Boyd & Clymer, P.C., Dallas, for respondents.

## ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

In this case, the State sued to recover the face amount of a bond to secure well plugging which was posted by Alpha, the operator, and United, its surety. The trial court granted summary judgment for the full amount of the bond, without regard to actual damages. The court of appeals reversed and remanded. 736 S.W.2d 167. The State's application for writ of error is denied.

In reversing the summary judgment in favor of the State, the court of appeals held that the face amount of the bond was not intended to be a provision for liquidated damages. While we agree with the judgment of the court of appeals, we do not agree with the reasoning of the opinion or the holding. The court of appeals focused unnecessarily on tangential contract construction issues, and failed to address the important issue before it—whether the face amount of plugging bonds is forfeited upon the parties' failure to plug the well.

The judgment of the court of appeals is correct because under common law, well plugging performance bonds are enforceable only to the extent of the actual damages incurred in plugging. *See* RESTATEMENT (SECOND) OF CONTRACTS § 356(2) & comment e (1981).[1]

We are aware that in some states, the face amount of the bond is forfeited as a penalty for breach of the duty to plug,

---

1. RESTATEMENT (SECOND) OF CONTRACTS § 356. Liquidated Damages and Penalties.

  \* \* \* \* \* \*

  (2) A term in a bond providing for an amount of money as a penalty for non-occurrence of the condition of the bond is unenforceable on grounds of public policy to the extent that the amount exceeds the loss caused by such non-occurrence.

\* \* \* \* \* \*

e. Penalties in bonds. Bonds often fix a flat sum as a penalty for non-occurrence of the condition of the bond. A term providing for a penalty is not unenforceable in its entirety but only to the extent that it exceeds the loss of the nonoccurrence of the condition.

without regard to actual damages.[2] The Texas Legislature could impose such a penalty as an incentive for operators and their sureties timely to plug wells. However, we decline to hold that the common law of contracts, which is not punitive in nature, is available to accomplish these laudable environmental ends.[3] If there is to be a penalty visited upon operators and their sureties for failing timely to plug, the Texas Legislature must impose that penalty.[4]

The judgment of the court of appeals is correct, and we accordingly deny the State's application for writ of error.

2. *See, e.g.,* W.Va.Code § 22B–1–26 (Supp.1987); Ill.Ann.Stat. ch. 96½, § 5409 (Smith–Hurd Supp.1987), construed in *People ex rel. Schull v. Massachusetts Bonding & Ins. Co.,* 4 Ill.2d 23, 122 N.E.2d 185 (1954).

3. Oil wastes and brine can escape from oil wells and cause serious harm to streams and surface water. *See generally* Asworth & Calhoun, *Control of Oil Production Pollution,* 48 Tex.L.Rev. 1086 (1970). The potential for harm from unplugged abandoned wells is especially acute, which prompted the legislature to empower the Railroad Commission to adopt and enforce rules and orders which relate to the operation,

abandonment, and proper plugging of wells. Tex.Nat.Res.Code Ann. § 91.011 (Vernon Supp. 1988).

4. Under Tex.Nat.Res.Code Ann. §§ 91.101, 91.104, and 91.105 (Vernon Supp.1988), it is conceivable that it is within the rulemaking power of the Railroad Commission, delegated by the legislature, to impose such incentives or penalties. *See generally* N. Singer, Sutherland Statutory Construction § 65.03 at 239–40 (4th ed. 1986). That question is not before us, however, and we express no opinion.