

NUMBER 13-12-00105-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SHERRY DUNLAP,                                                                    Appellant,

v.

CINDY GAYLE,                                                                      Appellee.

**On appeal from the 135th District Court
of Goliad County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Perkes
Memorandum Opinion by Justice Garza**

This is an appeal of a no-evidence/traditional summary judgment granted in favor

of appellee, Cindy Gayle.  By two issues, appellant, Sherry Dunlap, contends the trial

court erred in: (1) granting summary judgment, and (2) awarding damages to Gayle pursuant to a contractual liquidated damages provision. We affirm.

## I. BACKGROUND

In November 2007, Dunlap and Gayle signed an earnest money contract for Dunlap to purchase a house and acreage in Goliad County owned by Gayle, a real estate agent.[1] Pursuant to the contract, Gayle provided Dunlap with a survey of the property. The contract provided that any party wrongfully refusing to sign a release acceptable to the escrow agent of the $10,000 in earnest money was liable "to the other party for liquidated damages of three times the amount of the earnest money." Dunlap failed to close by the date specified in the contract and refused to release the earnest money to Gayle. Dunlap sued Gayle, asserting fraud and breach of contract. Gayle counterclaimed, asserting that she was entitled to contractual liquidated damages of three times the amount of the earnest money.

Gayle filed a no-evidence motion for summary judgment and later filed a combined no-evidence/traditional motion for summary judgment on Dunlap's claims and her own counterclaim. With regard to Dunlap's fraud allegation, Gayle asserted that Dunlap had no evidence: (1) that Gayle made a material false representation to Dunlap; or (2) that Dunlap suffered damages. As to Dunlap's breach of contract claim, Gayle asserted that Dunlap had no evidence that: (1) Dunlap performed or was excused from performing under the contract; (2) Gayle breached the contract; or (3)

---

[1] The parties signed two earlier contracts regarding the same property, one in September 2007 and another in October 2007. Dunlap did not close on either of the two earlier contracts or on the November 2007 contract at issue in this case.

Gayle's breach caused Dunlap damages.[2]

Dunlap filed responses to Gayle's motions.[3] Dunlap attached an affidavit, dated May 23, 2011, to her first response and attached a second affidavit, dated November 22, 2011, to her supplemental response. Gayle objected to Dunlap's summary judgment evidence, arguing that both affidavits were incompetent summary judgment evidence.

On November 30, 2011, the trial court granted Gayle's no-evidence/traditional motion without stating the basis for its ruling. The trial court also awarded Gayle actual damages in the amount of $30,000 and attorney's fees. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A no-evidence motion for summary judgment under Texas Rule of Civil Procedure 166a(i) is essentially a motion for pretrial directed verdict. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). A no-evidence motion for summary judgment is appropriate when there is no evidence of one or more essential elements of a claim on which the adverse party will bear the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Scripps Tex. Newspapers, L.P. v. Belalcazar*, 99 S.W.3d 829, 840 (Tex. App.—Corpus Christi 2003, pet. denied). The motion must be specific in challenging the evidentiary support for an element of a claim or defense. *Gish*, 286 S.W.3d at 310. "When reviewing a no-evidence summary judgment, we 'review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if

---

[2] We note that Gayle's first no-evidence motion for summary judgment asserted that Dunlap lacked evidence of these elements, as well as other elements.

[3] Dunlap filed a response to Gayle's first no-evidence motion and later filed a "Supplemental Response."

3

reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not.'" *Id.* (quoting *Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006)).

When, as here, the trial court's order granting summary judgment does not state the grounds for its ruling, we must affirm the judgment if any of the grounds alleged in the motion are meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). When a party moves for summary judgment under both rules 166a(c) and 166a(i) of the Texas Rules of Civil Procedure, as here, we will first review the trial court's judgment under the standards of rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the non-movant fails to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the non-movant's summary judgment proof satisfies the less stringent rule 166a(c) burden. *Id.*

### III. DISCUSSION

#### A. Fraud

In her motion, Gayle challenged the "material false representation" and damage elements of Dunlap's fraud claim. Dunlap attached to her first response: (1) her May 23, 2011 affidavit; (2) a survey plat of the property, which showed a "trash dump" located on the property; (3) a "Seller's Disclosure Notice," a standardized form which requires a seller to disclose certain prescribed property "conditions," and which reflected that there was no "landfill" on the property[4]; (4) a legal description of the property; (5) a letter from Dunlap's counsel stating her refusal to release the earnest money; (6) the contract for sale of the property; and (7) a letter to Dunlap from the escrow agent stating that she would forfeit the earnest money if she failed to complete the purchase of the

---

[4] A seller of residential real property is required to provide the buyer with a "Seller's Disclosure of Property Condition." *See* TEX. PROP. CODE ANN. § 5.008 (West Supp. 2011).

4

property by the closing date. In her response, Dunlap asserted that Gayle: (1) falsely represented the property as "pristine"; and (2) stated in the written disclosures that there was no "landfill" on the property, when the plat "show[ed] a landfill." Dunlap's response states that Gayle breached the contract by not disclosing the existence of the "landfill."

In her supplemental response, Dunlap stated that she "did not want a trash dump or a landfill" and that "these two words mean essentially the same thing to her." Dunlap also asserted that she did not receive the survey, which revealed the existence of the trash dump, "until the third [November 2007] contract." Dunlap attached to her supplemental response: (1) an excerpt from Gayle's no-evidence/traditional motion for summary judgment, in which Gayle asserted her counterclaim for contractual liquidated damages; and (2) Dunlap's November 22, 2011 affidavit, in which she stated that "[t]he words 'trash dump' and 'land fill' mean the same thing" to her, and that she "did not know about the land fill or trash dump until the third contract."[5]

Dunlap asserts that the evidence of a material false representation about the property consists of: (1) Gayle's written representation that there was no landfill on the property; and (2) Gayle's statement that the property was "pristine." Gayle responds that: (1) her representation that there was not a landfill on the property was not false; and (2) assuming that she described the property as "pristine," the use of such a term was mere "puffing," not a misrepresentation of material fact.

To establish fraud or misrepresentation, a plaintiff must show, among other things, that the defendant made a false statement concerning a past or existing material fact. *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex. 1998). This element

---

[5] We note that only the first and last page of the November 22, 2011 affidavit appear in the record. The intervening pages, if any, are missing.

requires proof that when Gayle made the representation, she "knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion." *Id.* A false representation may consist of a deceptive answer or any other indirect or misleading language, and a statement that is literally true may be actionable if used to create an impression that is substantially false. *See Nelson v. Najm*, 127 S.W.3d 170, 175 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

"Landfill" is defined as "a system of trash and garbage disposal in which the waste is buried between layers of earth to build up low-lying land—called also *sanitary landfill*." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 654 (10th ed. 1996). "Dump" is defined as "an accumulation of refuse and discarded materials" or "a place where such materials are dumped." *Id.* at 359. Dunlap correctly notes that "dump" is the first synonym listed for "landfill." *Id.* at 654. She argues that, although Gayle's representation that there was "no landfill" on the property could technically be true, it would nonetheless be fraudulent if it was used to create a substantially false impression. Dunlap has offered no evidence, however, that when Gayle checked "no landfill" on the standardized seller's disclosure form, she intended to create an impression that was substantially false. Gayle's affidavit unequivocally stated that the areas labeled "trash dump" on the survey "is not a landfill." Her affidavit further stated that, although she has burned trash in barrels in the area labeled "trash dump," "there has never been any trash simply dumped there and left." We conclude that the presence of a "trash dump" on the property did not render Gayle's "no landfill" representation false.

6

Dunlap also points to Gayle's description of the property as "pristine" as evidence of a material false representation. In her affidavit, attached to her response, Dunlap asserted that Gayle represented that the property was "pristine." Gayle argues that, even assuming that she described the property as "pristine," such a description is mere "puffing" or opinion, and cannot constitute fraud.

Generally, there are three factors courts consider when determining whether a statement is actionable, or mere puffing or opinion. *Humble Nat'l Bank v. DCV, Inc.*, 933 S.W.2d 224, 230 (Tex. App.—Houston [14th Dist.] 1996, writ denied). We consider (1) the specificity of the alleged misrepresentation, (2) the comparative knowledge between the buyer and seller, and (3) whether the representation concerns past or present conditions, or future conditions. *Id.; see also Helm v. Kingston*, No. 13-10-00224-CV, 2011 WL 6746064, at *6 (Tex. App.—Corpus Christi Dec. 21, 2011, pet. denied) (mem. op.). An imprecise or vague representation constitutes a mere opinion. *Humble Nat'l Bank*, 933 S.W.2d at 230.

"Pristine" is defined in this context as "not spoiled, corrupted, or polluted (as by civilization), pure." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY at 927. Dunlap asserted in her affidavit:

> When I inspected the property, Cindy Gayle and I walked the border fence most of the way around the property[;] however[,] when we got to the corner where I now know there is a land fill, she distracted me and took me back to the house. She clearly was concealing the fact that the property has a landfill. I have not seen the landfill location with my own eyes.
>
> . . . .
>
> I absolutely relied on her representation that the property was "pristine" and had no landfill when I offered to buy the property.

7

The property consisted of approximately twenty-six acres and was improved with a house.[6]  First, we examine the specificity of the alleged misrepresentation.  *See Humble Nat'l Bank*, 933 S.W.2d at 230.  We conclude that as used in the present context—to describe property—the term "pristine" is vague and indefinite in meaning and therefore cannot constitute an actionable misrepresentation.  *See Autohaus, Inc. v. Aguilar*, 794 S.W.2d 459, 464 (Tex. App.—Dallas 1990, writ denied (holding that representation that Mercedes was the best engineered car in the world was not actionable); *see also Bill & Jo Deane Bradford Invs., Inc. v. Cutter Aviation San Antonio, Inc.,* No. 04-04-00791-CV, 2005 Tex. App. LEXIS 9789, at *6 (Tex. App.—San Antonio Nov. 23, 2005, no pet.) (mem. op.) (holding statement that an aircraft engine was "good, safe and reliable" was mere opinion or puffing).

Second, we compare the subject-matter knowledge of the buyer and seller, asking "whether or not [a statement's] correctness is a matter of which either of the parties can judge as well as the other," and upon which the buyer can reasonably be expected, in the exercise of ordinary diligence, to have formed his own opinion.  *See Aguilar*, 794 S.W.2d at 463.  Here, Gayle as the owner of the property was more familiar with it, and Dunlap claims that when she inspected the property, Gayle "distracted" her and deliberately prevented her from inspecting the area where the "trash dump" was located.  Nonetheless, we find that whether the property was "pristine" could be judged

---

[6] Although no house appears on the survey, Dunlap refers to the house in her affidavit, and Gayle's affidavit states that "the property has a house, sewage and everything else required of a modern home."

equally by either party and was a matter upon which Dunlap could have formed her own opinion through ordinary diligence.[7]  *See id.* at 464.

Third, the alleged statement concerned a present condition, not a future condition, and therefore requires greater scrutiny.  *See id.*  We hold that the alleged statement that the property was "pristine" is an expression of opinion, not a representation of fact.

We hold that Dunlap failed to present evidence of the "material false representation" element of her fraud claim, and the trial court did not err in granting no-evidence summary judgment as to her fraud claim.  *See* TEX. R. CIV. P 166a(i).

## B.    Breach of Contract

Gayle's no-evidence motion asserted that Dunlap had no evidence that:  (1) Dunlap performed or was excused from performing under the contract; (2) Gayle breached the contract; or (3) Gayle's breach caused Dunlap damages.  In her affidavit, Dunlap stated that Gayle breached the contract by failing to "disclose the landfill" on the Seller's Disclosure of Property Condition.  Dunlap's evidence included:  (1) the Seller's Disclosure, which reflected that the property did not contain a landfill, and (2) the survey showing the existence of a "trash dump."

To establish that Gayle breached the contract by failing to "disclose the landfill," Dunlap must present evidence that a landfill actually exists.  We have already determined that the presence of a "trash dump" did not render Gayle's "no landfill" representation to be false.  Dunlap's affidavit simply asserts that there is a landfill on the

---

[7] We note that the parties dispute when Dunlap first received the survey reflecting the existence of a "trash dump."  Gayle's affidavit states that Dunlap had the survey before she entered into the second and third (present) earnest money contracts.  Dunlap asserts that she did not receive the survey "until the third contract."

property, even though she concedes that she "has not seen the landfill location with [her] own eyes." Gayle's affidavit unequivocally states that there is no landfill on the property and that the area labeled "trash dump" on the survey is not a landfill. We hold that Dunlap has not presented evidence establishing that Gayle breached the contract by failing to disclose a landfill. *See id.* We further hold that the trial court did not err in granting summary judgment on Dunlap's breach of contract claim, and we overrule Dunlap's first issue.

## C. Damages

By her second issue, Dunlap contends the trial court erred in awarding Gayle $30,000 in actual damages because the contract provision authorizing such damages is an unenforceable penalty. Paragraph 18(D) of the contract provides: "Any party who wrongfully fails or refuses to sign a release acceptable to the escrow agent within 7 days of receipt of the request will be liable to the other party for liquidated damages of three times the amount of the earnest money." The earnest money payable by Dunlap to Gayle under the contract was $10,000.

Gayle responds that Dunlap's claim that a liquidated damages clause is an unenforceable penalty is an affirmative defense, which Dunlap was required to plead and prove. Citing *Phillips v. Phillips*, Dunlap responds that pleading the defense is unnecessary when the unenforceability of the liquidated damages provision appears on the face of the pleadings. *See* 820 S.W.2d 785, 789 (Tex. 1991) (holding that the defense of penalty is not waived by the failure to plead it if it is apparent on the face of the petition and established as a matter of law).

> An assertion that a liquidated damages provision constitutes an unenforceable penalty is an affirmative defense, and the party asserting

10

penalty bears the burden of proof. Generally, that party must prove the amount of actual damages, if any, to demonstrate that "the actual loss was not an approximation of the stipulated sum." If the amount stipulated in the liquidated damages clause is "shown to be disproportionate to actual damages," we should declare that the clause is a penalty and limit recovery to actual damages.

*SP Terrace, L.P. v. Meritage Homes of Tex., LLC*, 334 S.W.3d 275, 287 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (internal citations omitted).

It is undisputed that Dunlap did not plead or raise her penalty defense to the trial court. Dunlap argues that under *Phillips*, she did not waive her penalty argument because the liquidated damages provision in the contract—providing for liquidated damages of three times the amount of the earnest money—was unenforceable on its face. We disagree.

In *Phillips*, the Texas Supreme Court found that a provision which provided for liquidated damages ten times the amount of *actual* damages to be an unenforceable penalty. 820 S.W.2d at 789. The court found the provision did not meet the two-prong test for determining whether to enforce a liquidated damages provision. *See id.* at 788–89 (citing *Rio Grande Valley Sugar Growers, Inc. v. Campesi*, 592 s.W.2d 340, 342 n.2 (Tex. 1979)). To enforce such a provision, the court must find: (1) that the harm caused by the breach is incapable or difficult of estimation, and (2) that the amount of liquidated damages called for is a reasonable forecast of just compensation. *See id.* at 788. The provision at issue in *Phillips* did not meet the first prong of the test because it assumed that actual damages must be determined before the "ten times" multiplier can be applied. *See id.* at 789. The provision did not meet the second prong of the test because it did not forecast actual damages, but called for them to be determined and then multiplied. *See id.*

11

The liquidated damages provision in the present case does not call for multiplying the amount of *actual* damages, as in *Phillips. See id.* Rather, it calls for trebling the agreed-upon amount of earnest money.[8] For these reasons, we find *Phillips* to be inapposite. Dunlap neither pleaded the affirmative defense of penalty nor presented evidence showing that the damage award was excessive. We overrule her second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
11th day of April, 2013.

---

[8] We note that the sales price in the contract was $460,000. Thus, the $10,000 earnest money was slightly more than 2% of the sales price.