# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-51156

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2016

Lyle W. Cayce
Clerk

TERESA GAROFOLO,

Plaintiff - Appellant

v.

OCWEN LOAN SERVICING, L.L.C.,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-745

Before HIGGINBOTHAM, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

Teresa Garofolo ("Garofolo") appealed the district court's dismissal of her claims against Ocwen Loan Servicing, L.L.C., ("Ocwen") for violating Article XVI, § 50(a)(6)(Q)(vii), of the Texas Constitution and for breach of contract to this court. Because the case raised an important issue of Texas constitutional law as to which there is no controlling Texas Supreme Court authority, and the authority from the intermediate state appellate courts provided insufficient guidance, we certified the relevant questions to the Texas Supreme

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51156

Court. *Garofolo v. Ocwen Loan Servicing, L.L.C.*, 626 F. App'x 59, 65-66 (5th Cir. 2015); *see* TEX. CONST. art. V, § 3-c(a); TEX. R. APP. P. 58.1. The questions were as follows:

1. Does a lender or holder violate Article XVI, Section 50(a)(6)(Q)(vii) of the Texas Constitution, becoming liable for forfeiture of principal and interest, when the loan agreement incorporates the protections of Section 50(a)(6)(Q)(vii), but the lender or holder fails to return the cancelled note and release of lien upon full payment of the note and within 60 days after the borrower informs the lender or holder of the failure to comply?

2. If the answer to Question 1 is "no," then, in the absence of actual damages, does a lender or holder become liable for forfeiture of principal and interest under a breach of contract theory when the loan agreement incorporates the protections of Section 50(a)(6)(Q)(vii), but the lender or holder, although filing a release of lien in the deed records, fails to return the cancelled note and release of lien upon full payment of the note and within 60 days after the borrower informs the lender or holder of the failure to comply?

*Id.* at 66. The Texas Supreme Court answered both questions "no." *Garofolo v. Ocwen Loan Servicing, L.L.C.*, No. 15-0437, 2016 Tex. LEXIS 391, at *2 (May 20, 2016). As a result of the answer to question 1, we AFFIRM the district court's dismissal of the constitutional claim. With respect to the breach of contract claim, the Texas Supreme Court concluded that forfeiture was not an available remedy.

"In Texas, the elements of a claim for breach of contract are: (1) a valid contract between the plaintiff and the defendant, (2) performance or tender of performance by the plaintiff, (3) breach by the defendant, and (4) damage to the plaintiff as a result of the breach." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 858 (5th Cir. 2014) (citation and internal quotation marks omitted). The district court observed, and Garofolo concedes, that she does not allege any actual damages such that she cannot satisfy one

2

of the elements of the breach of contract claim. *See Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 655 n.26 (Tex. 2009) ("[M]oney damages are essential in contract claims seeking money damages (though not for contract claims seeking something else)."). To the extent that Garofolo claims to be seeking liquidated damages in the form of total forfeiture, she failed to allege any of the elements necessary for a valid liquidated damages claim. *Flores v. Millennium Interests, Inc.*, 185 S.W.3d 427, 431 (Tex. 2005) (noting that "'liquidated damages' ordinarily refers to an acceptable measure of damages that parties stipulate in advance will be assessed in the event of a contract breach"); *Phillips v. Phillips*, 820 S.W.2d 785, 788 (Tex. 1991) (explaining that whether a party is entitled to liquidated damages is dependent on whether "(1) . . . the harm caused by the breach is incapable or difficult of estimation, and (2) . . . the amount of liquidated damages called for is a reasonable forecast of just compensation"). She did not seek any remedy other than forfeiture. As such, we AFFIRM the dismissal of the breach of contract claim.

AFFIRMED.