

# Fourth Court of Appeals
## San Antonio, Texas

### CONCURRING OPINION

No. 04-24-00533-CV

Clint **TUMA**,
Appellant

v.

Dennis **BROWNLEY**,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. 22523B
Honorable M. Patrick Maguire, Judge Presiding

Opinion by:     H. Todd McCray, Justice
Concurring Opinion by: Lori Massey Brissette, Justice

Sitting:        Lori I. Valenzuela, Justice
                Lori Massey Brissette, Justice
                H. Todd McCray, Justice

Delivered and Filed: June 4, 2025

I agree with the majority's decision to affirm the trial court's order granting summary judgment but for a different reason. The majority analyzes whether the plaintiff's pleadings "anticipate" a statute of limitations defense so as to relieve the defendant of his obligation to affirmatively plead that defense. I would hold that, by failing to affirmatively plead the statute of limitations defense, the defendant has waived it.

Appellant Clint Tuma points us to the Texas Supreme Court decision in *Phillips v. Phillips*, 820 S.W.2d 785 (Tex. 1991). But *Phillips* established a "narrow but necessary exception" to the general rule that affirmative defenses must be pleaded. *Id.* at 790. There, the question was whether the defendant was required to affirmatively plead a defense that the liquidated damages penalty—which called for awarding ten times the actual damages sustained—was unenforceable. *Id.* at 789–90. The court, recognizing the public policy behind limiting liquidated damages clauses, likened the issue to the defense of illegality. *Id.* at 789. "[I]f the illegal nature of the document to be relied upon or sought to be enforced is apparent from the plaintiff's pleadings, it is not necessary that illegality be specially pleaded by the defendant in order to rely upon it as a defense." *Id.* at 789 (alteration in original) (*citing Lewkowicz v. El Paso Apparel Corp.*, 625 S.W.2d 301, 303 (Tex. 1981) (also addressing illegality of contract)). The court reasoned that, because a liquidated damages clause which calls for ten times the damages sustained violates, as a matter of law, the general rule that such provisions must be limited to "just compensation for the loss or damage actually sustained," and where the issue is unencumbered by determinations of fact, public policy demands the court consider the issue despite the failure to plead. *Id.* at 789–90.[1]

I see no reason to apply the reasoning of *Phillips* to this case. First, public policy is not at play. Second, the statute of limitations defense, even as raised by Tuma on appeal, is certainly not unencumbered by fact issues as in *Phillips*. Instead, I take heed of the warning by the dissent in *Phillips* about the undesired expansion of that holding to the affirmative defense of statute of limitations. *Id.* at 792. For those reasons, I would hold that, by failing to affirmatively plead the statute of limitations defense, Tuma waived it.

Lori Massey Brissette, Justice

---

[1] The majority cites *Raney v. White*, 267 S.W.2d 199, 200 (Tex. App.—San Antonio 1954, writ ref'd). But the issue there was whether a defendant can rely upon a plaintiff's complaint to toll the statute of limitations.